UNITED STATES of America,
Plaintiff and Appellee,

v.

Roberto Able GAMBOA, Defendant
and Appellant.

No. 73–1597.

United States Court of Appeals,
Ninth Circuit.

Aug. 20, 1973.

Rehearing Denied Oct. 4, 1973.

George Haverstick (argued), San Diego, Cal., for defendant and appellant.

William A. Bower, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Stephen G. Nelson, Asst. U. S. Atty., San Diego, Cal., for plaintiff and appellee.

Before HASTIE, CHAMBERS and CHOY, Circuit Judges.

CHAMBERS, Circuit Judge.

The judgment of conviction in this narcotics case is affirmed.

The main issue on the appeal is whether the court erred in denying a motion to reveal the identity of an informer.

Gamboa was stopped at the San Ysidro, California, border check station on September 2, 1972, as he entered from Mexico. The automobile was not Gamboa's and it had no registration paper. But it did have a lot of seconal secreted in the panels of the body of the car.

Narcotics "intelligence" is stored in some sort of a government computer. A government agent signals in the number of an automobile's license plate. If there is a record, he gets back what is called a "cadpin" printout.

When the car driven by Gamboa came across the border, the computer was queried by submitting the car's license number. Back came a "printout" alerting the border agent, a careful search of the car following. The search was rewarding.

The district court, the United States attorney, and we have seen the printout. Defendant and his counsel have not.

Naturally, the government does not want to put its information on the bulletin board. While the printout is confi-

dential, we think we can use common sense and partially reveal its contents and also state what it does not contain.

The printout did not mention Gamboa at all. The information went into the computer about six weeks prior to the event of September 2, 1972. It did mention another, presumably the car's owner, and some of his associates.

Anyway, there is nothing to suggest that there was an informer as to Gamboa's particular transaction. Thus, disclosure of the cadpin report could not have served the interest of Gamboa very well. Public interest therefore outweighs any position Gamboa has.

In sum, there was no informer on Gamboa or the day's events. If Gamboa did not know the owner of the car, he could have obtained his name from the California Motor Vehicle Department.

■ On the question of sufficiency of the evidence, we find it adequate.